UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NICOLE ERBE,

Plaintiff(s),

v.

STATE FARM FIRE AND CASUALTY COMPANY, et al.,

Defendant(s).

Case No. 2:15-CV-356 JCM (NJK)

ORDER

Presently before the court is defendant State Farm Fire and Casualty's (hereinafter "State Farm") motion for partial judgment on the pleadings. (Doc. # 9). Plaintiff Nicole Erbe (hereinafter "plaintiff") filed a response, (doc. # 11), and State Farm filed a reply, (doc. # 14).

Also before the court is plaintiff's motion to remand. (Doc. # 13). State Farm filed a response, (doc. # 15), and plaintiff filed a reply, (doc. # 16).

**I. Background**

Plaintiff is a citizen of Nevada. (Doc. # 14 at 8). State Farm is "an Illinois corporation with its principal place of business in Illinois." (Doc. # 1 at 4). In her complaint, plaintiff alleges that "Henry Crockett II is a State Farm insurance broker and/or agent, who at all times herein mentioned is conducting business in Clark County, Nevada." (Doc. # 14 at 8). In its petition for removal, State Farm notes that "Crockett is believed to be a Nevada resident." (Doc. # 1 at 4).

On July 13, 2012, plaintiff was involved in an auto accident and filed a claim with her insurer, State Farm. State Farm denied the claim and determined that plaintiff could not enforce her insurance policy because she had not paid her insurance premiums leading up to the accident.

On July 10, 2014, plaintiff filed a complaint in Nevada state court against State Farm,

James C. Mahan
U.S. District Judge

asserting claims for breach of contract, breach of the covenant of good faith, and statutory bad faith under N.R.S. 686A.310. On October 17, 2014, plaintiff served her insurance agent, Henry Crockett II (hereinafter "Crockett") with her complaint. State Farm and Crockett (collectively "defendants") filed a joint answer on November 20, 2014.

After the state court exempted the parties from arbitration, defendants moved to dismiss plaintiff's claims on April 1, 2015. State Farm filed its petition for removal on February 27, 2015, removing the case to this court.

State Farm now moves for partial judgment on the pleadings to dismiss Crockett under Federal Rule of Civil Procedure 12(c). State Farm alleges that plaintiff fraudulently joined her insurance agent, a Nevada resident, in order to defeat diversity and remain in state court. Plaintiff moves to remand the case to state court because she maintains that she has valid claims against Crockett.

## II. Legal Standard

### *i. Judgment on the pleadings*

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are "functionally identical" to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). However, a "Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole, and not merely the complaint." *Amerson v. Cty. of Clark*, 2011 WL 4433751, *1-2 (D. Nev. Sept. 21, 2011) (*citing Aponte-Teorres v. Univ. of P.R.*, 445 F.3d 50, 54-55 (1st Cir. 2006)).

In reviewing a 12(c) motion for judgment on the pleadings, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings is appropriate when, taking everything in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007); *Honey v. Distelrath*, 195 F.3d 531, 532 (9th Cir. 1999). The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been

denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

*ii. Fraudulent joinder*

An exception to the requirement of complete diversity exists where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder "is a term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* There is a general presumption against finding fraudulent joinder. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The defendant "is entitled to present the facts showing the joinder to be fraudulent." *Id.*

*iii. Motion to remand*

For a district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003).

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id.* Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A defendant removing a case to federal court has the burden to prove by a preponderance of the evidence that the jurisdictional amount is met. *See Sanchez v. Monumental Life Ins. Co.*,

102 F.3d 398, 403-04 (9th Cir. 1996). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez*, 102 F.3d at 403-04.

A defendant wishing to remove an action must generally file a notice of removal within thirty days of receipt of the initial pleading or service of summons. 28 U.S.C. § 1446(b)(2)(B). However, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**III. Discussion**

*A. Judgment on the pleadings*

State Farm moves for judgment on the pleadings to dismiss plaintiff's claims against Crockett pursuant to Federal Rule of Civil Procedure 12(c). (Doc. # 9). State Farm argues that the court should dismiss Crockett from this action because he was not a party to plaintiff's insurance contract and plaintiff's complaint states no "legally cognizable" claims against him. (Doc. # 9 at 2).

On this basis, State Farm contends that plaintiff fraudulently joined Crockett to defeat diversity. (Doc. # 9 at 2). Plaintiff responds that she possesses claims against Crockett because of his "verbal contracts" and his "integral role" in denying her claims. (Doc. # 11 at 2).

"Where there is no reasonable basis for predicting that the state court might impose liability on [defendants], the federal court may properly dismiss such defendant and maintain jurisdiction over the case." *Stephans v. Nevada*, 685 F. Supp. 217, 220 (D. Nev. 1988).

Nevada statutory law does not permit plaintiffs to bring statutory bad faith claims against insurance agents as if they were insurers. *See Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 959 (Nev. 1998) (holding that policy administrator was not an insurer for purposes of Nevada's Unfair Insurance Practices Act). Plaintiffs who seek relief from agents and their employers based on statutory bad faith claims cannot join those agents for the purpose of destroying diversity. *See*

James C. Mahan
U.S. District Judge

*Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001) (holding that district court correctly ignored fraudulently joined travel agency during diversity analysis).

Plaintiff seeks recovery from Crockett on an agency theory, noting that she "contracted with State Farm, through its agent Crockett, for automobile insurance." (Doc. # 14 at 9). In her response to State Farm's motion for judgment on the pleadings, plaintiff alleges that she entered into "various verbal contracts" with Crockett that mirrored her contract with State Farm. (Doc. # 11 at 2). Nevada law "maintains that a defendant's liability or exoneration pursuant to an unfair claims statutory scheme" does not prevent a party from bringing a common-law tort cause of action for bad faith. *Bartgis*, 969 P.2d at 960.

However, plaintiff does not plead sufficient facts to support her common-law claims under Rule 12(c)'s pleading standard. In her state court complaint, plaintiff never alleges that Crockett independently committed any misconduct against her. All counts refer to the actions of "State Farm and Crockett," (doc. # 14 at 11-13), or allege misconduct by "State Farm, through its agent Crockett" or "State Farm, through Crockett's office." (Doc. # 14 at 9).

Plaintiff's complaint fails to allege sufficient facts to support her remaining claims against Crockett. Accordingly, the court will grant State Farm's motion for judgment on the pleadings, and dismiss Crockett from the case. The court will now address plaintiff's motion to remand.

*B. Motion to remand*

Plaintiff makes two arguments in support of remand. The court will address them in turn.

*i. Timeliness*

Plaintiff first asserts that State Farm's notice of removal was untimely because State Farm did not file it within thirty days of its receipt of the complaint as required by 28 U.S.C. § 1446(b)(2)(B). (Doc. # 13).

State Farm responds that it timely removed the action based on 28 U.S.C. § 1146(b)(3) because it could remove the case only after plaintiff filed her notice of exemption from arbitration on January 8, 2015. (Doc. # 15). State Farm asserts that plaintiff's complaint did not allege on its face damages that exceeded the jurisdictional amount. Accordingly, State Farm claims that it did not know of the true amount in controversy until the arbitration commissioner ruled on plaintiff's

request for exemption. (Doc. # 15).

Based on the foregoing, the court finds that removal was timely. State Farm was able to ascertain that plaintiff's case was removable only from the filing of her petition for exemption from arbitration. (Doc. # 11). Accordingly, the case is not properly remanded on these grounds.

*ii. Amount in controversy*

Plaintiff also contends that State Farm failed to show that the amount in controversy exceeded $75,000. To prove removal, a defendant must show by a preponderance of the evidence that the amount in controversy requirement is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

State Farm attached plaintiff's request for exemption of arbitration to its petition for removal. (Doc. # 1 at 2). State Farm attached plaintiff's original complaint to its reply after plaintiff responded to its 12(c) motion. (Doc. # 14 at 8).

In her exemption petition, plaintiff stated that the amount in controversy for her case was "in excess of $50,000." (Doc. # 1 at 2). Plaintiff also notes that she lost "her driver's license for a two-year period" as a result of State Farm's refusal to honor her insurance claim. Consequently, plaintiff seeks "compensatory and punitive damages" that flow from that loss.

In her complaint, plaintiff alleges damages "in an amount in excess of $10,000," for two separate claims. (Doc. # 14 at 11). Plaintiff also seeks "an award of punitive damages in an amount sufficient to punish and deter [State Farm] from harming others." (Doc. # 14 at 11-12).

Under Nevada law, a jury may award punitive damages against an insurer who acts in bad faith. Nev. Rev. Stat. 42.005(1); *Flores*, 2010 WL 185949, at *5; *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004). This amount is also not capped by statute. Nev. Rev. Stat. 42.005(2)(b).

To establish plaintiff's amount of punitive damages, the defendant may introduce evidence of jury verdicts in cases involving similar facts. *Flores v. Standard Ins. Co.*, No. 3:09-CV-00501-LRH-RAM, 2010 WL 185949, at *5 (D. Nev. Jan. 15, 2010). State Farm notes several factually analogous cases where juries awarded punitive damages that placed the amount in controversy in excess of $75,000.00. (Doc. # 1 at 3, n.2).

**James C. Mahan**
**U.S. District Judge**

Therefore, plaintiff's total requested damages likely exceed $75,000. Although the amount of the insurance claim itself is $10,000, plaintiff seeks to increase her total recovery to compensate for lost income due to the revocation of her driver's license and to punish State Farm for its actions. Further, plaintiff does not contend that she seeks less than $75,000. Instead, plaintiff argues that the case should be remanded because State Farm argued in state court that the amount in controversy was below $50,000. (Doc. # 13 at 7). However, State Farm did not yet have the additional information on the jurisdictional amount that came from the arbitration hearing. Moreover, State Farm never presents any evidence that plaintiff sought a recovery of less than $75,000.

By reference to plaintiff's filings, State Farm has met its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Accordingly, the court finds that State Farm has overcome the presumption against removal. As a result, the court will deny plaintiff's motion to remand.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for partial judgment on the pleadings, (doc. # 9), be, and the same hereby is, GRANTED. Defendant Henry Crockett II is hereby DISMISSED from the case.

IT IS FURTHER ORDERED that that plaintiff's motion to remand, (doc. # 13), be, and the same hereby is, DENIED.

DATED July 1, 2015.

James C. Mahan

UNITED STATES DISTRICT JUDGE